UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LOUIS P. FROMER, <br><br> Plaintiff, <br><br> v. <br><br> MOLINA, <br><br> Defendant. | CAUSE NO. 3:21-CV-492 DRL-MGG |

OPINION AND ORDER

Louis P. Fromer, a prisoner without a lawyer, filed a complaint with unrelated claims. ECF 1. He was granted time to file an amended complaint limited to related claims and cautioned if he did not, "the court will select one claim and dismiss any unrelated claims." ECF 10 at 2. Though he has limited his claims and tried to connect them, there are still unrelated claims. As cautioned, the court will select a claim and "solve the [unrelatedness] problem by . . . dismissing the excess defendants under Fed. R. Civ. P. 21." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).

Mr. Fromer alleges Correctional Officer Molina used excessive force against him on July 3, 2019, when he applied his handcuffs too tightly, slammed him to the floor, and sat on him so he could not breathe. Mr. Fromer says he was not resisting and Officer Molina had no justification for the force he used. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the

measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). This complaint plausibly alleges the elements necessary to state a claim for a violation of the Eighth Amendment.

Mr. Fromer alleges Lt. Lott then took him to segregation with the approval of Capt. Calloway. He alleges he was held there for fifty-two days without charges to justify the force used by Officer Molina. It is unclear how placement in segregation without charges could justify what would otherwise be an excessive use of force, but it is clear the Constitution does not create a due process liberty interest in avoiding transfer within a correctional facility. *Wilkinson v. Austin*, 545 U.S. 209, 222 (2005). After *Sandin v. Conner*, 515 U.S. 472, 484 (1995), inmates have no liberty interest in avoiding short-term transfer to segregation even if they are subjected to harsher conditions as a result, *see e.g., Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008) (no liberty interest for 60 days in segregation); *Lekas v. Briley*, 405 F.3d 602, 608-09 (7th Cir. 2005) (no liberty interest for 90 days in segregation). The allegations against Lt. Lott and Capt. Calloway do not state a claim.

Mr. Fromer alleges Dr. Heather Verdon and Therapist Steven Myles ignored his request to be released from segregation after thirty days because he suffered from a serious mental illness. This claim is unrelated to the excessive force claim on which this case is proceeding. "[U]nrelated claims against different defendants belong in different suits," *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), and where there are limited

2

connections between claims the court can order severance or dismissal without prejudice, *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 864 (7th Cir. 2018). These claims will be dismissed without prejudice under Federal Rule of Civil Procedure 21. If Mr. Fromer wishes to pursue them further, he must file a separate lawsuit.

For these reasons, the court:

(1) GRANTS Louis P. Fromer leave to proceed against Correctional Officer Molina in his individual capacity for violating the Eighth Amendment on July 3, 2019, by applying his handcuffs too tightly, slamming him to the floor, and sitting on him so he could not breathe;

(2) DISMISSES WITHOUT PREJUDICE, under Federal Rule of Civil Procedure 21, the claim that Dr. Heather Verdon and Therapist Steven Myles ignored his request to be released from segregation after thirty days because he suffered from a serious mental illness;

(3) DISMISSES WITH PREJUDICE all other claims;

(4) DISMISSES Lt. Lott, Capt. Calloway, Dr. Heather Verdon, and Therapist Steven Myles;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Correctional Officer Molina at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 15), under 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Correctional Officer Molina to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

January 25, 2022                             *s/ Damon R. Leichty*
                                             Judge, United States District Court